UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER LOVELADY,

    Plaintiff,

    v.

UNITED STATES CUSTOMS AND BORDER PROTECTION, et al.,

    Defendants.

Case No. 24-cv-00075-JD

**ORDER RE DISMISSAL**

Pro se plaintiff Christopher Lovelady sued defendants the United States of America and United States Customs and Border Protection (CBP) over an incident with CBP officers at San Francisco International Airport after debarking from a flight from Europe. Dkt. No. 1. Lovelady states in the complaint that he has Multiple Hereditary Osteochondromas, a genetic bone condition, and that he declined to answer questions from a CBP officer about goods he may have brought in from Europe. *Id*. ¶¶ 11-21. In Lovelady's telling, the situation escalated with additional CBP officers and alleged manhandling that antagonized his bone condition. *Id*. ¶¶ 22-50. Lovelady says a CBP officer subsequently apologized, and that the situation ended when Lovelady was released to leave the airport. *Id*. ¶¶ 51-58. Lovelady alleges claims under the Fourth Amendment and the federal Rehabilitation Act of 1973, and for assault, battery, and false imprisonment.

Defendants ask to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The complaint is dismissed with leave to amend.

**DISCUSSION**

Taking the factual and non-conclusory allegations in the complaint as true, and reading the complaint with the liberality afforded to pro se litigants, the Court accepts that Lovelady and CBP officers got into a somewhat confrontational situation at the airport. Even so, the situation appears to have resolved fairly quickly, albeit with physical and emotional discomfort experienced by Lovelady. As presently alleged, the facts do not plausibly state the claims Lovelady asserts against defendants.

Familiar legal standards apply here. Under Rule 12(b)(1), the Court will "dismiss a complaint where there is no subject matter jurisdiction, including cases where the federal government is a defendant and there is no explicit waiver of sovereign immunity." *Johnson v. United States*, No. 13-cv-02405-JD, 2015 WL 926207, at *1 (N.D. Cal. Mar. 2, 2015), *aff'd*, 734 F. App'x 436 (9th Cir. 2018).

Under Rule 12(b)(6), the complaint must present facts that plausibly allege a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This means that Lovelady must plead enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility analysis is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**I.   FOURTH AMENDMENT**

The Fourth Amendment claim is dismissed. Lovelady cannot bring a cause of action for damages against the United States or CBP officers for a violation of the Fourth Amendment's guarantee against the use of excessive force. *See Egbert v. Boule*, 596 U.S. 482, 494 (2022); *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985). Although Lovelady sued CBP, and not the individual officers responsible for his alleged injures, nothing in *Egbert* suggests that its holding extends only to officers and not to the agency itself.

Lovelady also has not pleaded standing to seek declaratory or injunctive relief. It may be that he intends to fly internationally from SFO in the future, Dkt. No. 1 ¶ 88, but that does not warrant an inference that he will experience a similar incident again. He has not alleged an

1  official policy or ongoing practice that might demonstrate "a realistic possibility that the [CBP]
2  would subject him to the injurious acts again in the future." *Updike v. Multnomah Cnty.*, 870 F.3d
3  939, 948 (9th Cir. 2017). It also bears mention that Lovelady has acknowledged his own role in
4  not cooperating with the CBP officers.

## II.   REHABILITATION ACT

The Rehabilitation Act claim is dismissed. Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination … under any program or activity conducted by any Executive agency[.]" 29 U.S.C. § 794(a).

The United States has not waived sovereign immunity from suits for damages under Section 504. *See Lane v. Pena*, 518 U.S. 187, 193 (1996). Lovelady understands this but says that the claim is good because he also seeks declaratory and injunctive relief. *See* Dkt. No. 12 at 22. The problem is that Lovelady again has not alleged a policy or ongoing practice that might warrant an inference of a likely repetition of the event. The complaint also does not allege that a CBP policy discriminates against him "solely by reason of" disability, or that any such deprivation of rights is likely to occur in the future. 29 U.S.C. § 794(a). *See Updike*, 870 F.3d at 948.

## III.  FEDERAL TORT CLAIMS ACT

The remaining causes of action are tort claims for false imprisonment, assault, and battery, which Lovelady brings pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq*. Lovelady acknowledges that the United States is the only proper defendant, and that the only available remedy under the FTCA is money damages. *See Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995); *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992). Consequently, CBP is dismissed for counts three, four, and five of the complaint, and the Court will consider the FTCA claims against the United States only to the extent they seek damages.

"The FTCA provides a limited waiver of the sovereign immunity of the United States 'for injury or loss of property … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under

3

circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Johnson v. United States*, No. 13-cv-02405-JD, 2016 WL 1298858, at *3 (N.D. Cal. Apr. 3, 2016) (quoting 28 U.S.C. § 1346(b)(1)). California tort law applies, because the alleged torts occurred in San Francisco. *Id.* (citing *Xue Lu v. Powell*, 621 F.3d 944, 945-46 (9th Cir. 2010)).

### A. False Imprisonment

This claim is dismissed. In California, false imprisonment is "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Young v. Cnty. of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011) (quotation omitted). "In addition, because [Lovelady's] claims concern the conduct of peace officers acting in their official capacities, [he] must also establish, for each cause of action, that the officers used unreasonable force," "under the reasonableness standard of the Fourth Amendment *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (quotations omitted).

The complaint alleges that CBP "created and fostered a militaristic checkpoint" that Lovelady "was not free to leave." Dkt. No. 1 ¶¶ 111-112. It is well-established that "[d]etention and questioning during routine searches at the border are considered reasonable within the meaning of the Fourth Amendment." *United States v. Bravo*, 295 F.3d 1002, 1008 (9th Cir. 2002). The "standard for determining whether a person is under arrest is not simply whether a person believes that he is free to leave, but rather whether a reasonable person would believe that he is being subjected to more than the temporary detention occasioned by border crossing formalities." *Id.* at 1009 (quotations omitted). The complaint does not plausibly allege that Lovelady was subject to anything other than a temporary detention for a routine border search. *See United States v. Espericueta Reyes*, 631 F.2d 616, 622 (9th Cir. 1980). *Cf. United States v. Cano*, 934 F.3d 1002, 1018 (9th Cir. 2019) (suspicionless search of cell phone was outside border exception).

### B. Assault and Battery

This claim is dismissed. "Even if a seizure is reasonable in a particular circumstance, *how* that seizure is carried out must also be reasonable." *Est. of Strickland v. Nevada Cnty.*, 69 F.4th 614, 619 (9th Cir. 2023) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)), *cert. denied*, 144

4

S. Ct. 559 (2024).  The battery and assault claims require facts plausibly demonstrating that the CBP officers "used unreasonable force" to effectuate a lawful seizure, or threatened to do so. *Johnson v. United States*, No. 13-cv-02405-JD, 2016 WL 4488180, at *9-10 (N.D. Cal. Aug. 26, 2016), *aff'd*, 734 F. App'x 436 (9th Cir. 2018) (quotation omitted).

The complaint does not satisfy this requirement.  The complaint alleges that CBP officers moved Lovelady and threatened the use of handcuffs only after Lovelady refused to answer routine questions or comply with multiple directives to report to a secondary inspection site. Lovelady refers to some cases concluding on very different facts that the use of force against non-violent individuals may be actionable, but "different rules apply at the border." *United States v. Nava*, 363 F.3d 942, 946 (9th Cir. 2004).  The level of force said to have been used against Lovelady, even accepting as true the alleged effects due to his medical condition, falls far short of incidents determined to be objectively reasonable. *See id.* ("Nava's being asked to leave his truck, being handcuffed and told it was for safety reasons, being escorted in handcuffs to the security office, having had a pat down search conducted, and being forced to wait in the locked security office while his truck was searched" was a "reasonable border detention").

Lovelady suggests that his medical condition changes the calculus because it "is physically apparent," Dkt. No. 12 at 9, but the complaint does not plausibly allege that customs officers recognized or acted upon his condition.  Rather, the complaint suggests that the officers realized his health condition only after the ostensible battery had occurred.

Lovelady may file an amended complaint consistent with this order by June 21, 2024.  No new parties or claims may be added without the Court's prior consent.  Failure to meet the filing deadline or conform to this order will result in dismissal of the case pursuant to Federal Rule 41(b).

**IT IS SO ORDERED.**

Dated: May 30, 2024

JAMES DONATO
United States District Judge

5