UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LOVELADY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION, et al.,<br><br>    Defendants. | Case No. 24-cv-00075-JD<br><br>**SECOND ORDER RE DISMISSAL** |

Pro se plaintiff Christopher Lovelady has sued the United States of America and the U.S. Customs and Border Protection (CBP) in connection with an incident at the San Francisco International Airport (SFO) several years ago. The Court dismissed the original complaint with leave to amend. Dkt. No. 17. Lovelady filed a first-amended complaint, which attempts to raise the same claims under the Fourth Amendment, the federal Rehabilitation Act of 1973, and for assault, battery, and false imprisonment. Dkt. No. 18 (FAC). The government again asks to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 22. The parties' familiarity with the record is assumed, and the complaint is dismissed with prejudice.

**LEGAL STANDARDS**

Dismissal for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is appropriate where "the federal government is a defendant and there is no explicit waiver of sovereign immunity." *Johnson v. United States*, No. 13-cv-02405-JD, 2015 WL 926207, at *1 (N.D. Cal. Mar. 2, 2015), *aff'd* 734 Fed. App'x 436 (9th Cir. 2018) (unpublished). For a motion to dismiss under Rule 12(b)(6), a complaint need only set forth facts plausibly alleging a claim to survive. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 70 (2007). Although all factual allegations must be accepted as true, the Court will not credit conclusory statements or

1   speculation or legal conclusions dressed up as fact.  *See, e.g.*, *Chatman v. Chase Bank*, No. 18-cv-
2   04560-JD, 2018 WL 3861660, at *1 (N.D. Cal. Aug. 14, 2018).  As in all pro se cases, the
3   complaint is read generously and with a forgiving eye.  *See Red v. Heck*, No. 20-cv-02853-JD,
4   2020 WL 6562305, at *1 (N.D. Cal. Nov. 9, 2020) (citing *Balistreri v. Pacifica Police Dep't*, 901
5   F.2d 696, 699 (9th Cir. 1990)).

## DISCUSSION

As the Court concluded in the first order of dismissal, Lovelady had "not pleaded standing to seek declaratory or injunctive relief" under the Fourth Amendment to the U.S. Constitution because he had not "alleged an official policy or ongoing practice" that would "warrant an inference that he will experience a similar incident again." Dkt. No. 17 at 2-3.  The amended allegations that Lovelady has since traveled through SFO twice and been "detained," or heard a CBP officer remark in poor taste that "the 4th Amendment doesn't apply here," does not remedy that shortfall, FAC ¶ 101, all the more so in the absence of allegations that Lovelady was ordered to "Desk B" or otherwise touched by officers during the subsequent incidents.  The FAC affirmatively alleges that there is no standard policy for officer engagement with disembarking passengers.  FAC ¶ 22.  This directly undercuts any conclusion there is an "official policy or ongoing practice" in connection with the incident on which Lovelady's complaint is based. Insofar as Lovelady contends that CBP officers' having such discretion is itself unreasonable, and so violative of the Fourth Amendment, Dkt. No. 24 at 7-9, that claim bears no nexus to his original excessive-force claim, and he was required to seek the Court's consent in advance before adding new claims, which he did not do, *see* Dkt. No. 17 at 5.

So too for the claims of declaratory and injunctive relief under the Rehabilitation Act, Pub. L. No. 93-112, 87 Stat. 355.  The FAC does not allege any facts that provide a plausible basis from which the Court can infer the likely repetition of the incident or one similar to it.  Nor does Lovelady non-speculatively allege that there is a CBP policy discriminating against him, or similarly situated individuals, "solely by reason of" disability or that, if things are left to officers' discretion, there is a practice of CBP officers discriminating "solely by reason of" disability.  29 U.S.C. § 794.  The FAC's speculation that the officers acted the way they did because "[t]hey saw

1  [Lovelady] as physically inferior to them and therefore exploitable," FAC ¶ 102, does not, as a
2  matter of law, permit an inference of invidious discrimination on the basis of disability in light of
3  the other allegations regarding the failure to heed, or respond to, repeated directives, FAC ¶¶ 26-
4  44.  These allegations also do not plausibly demonstrate that any future detention feared by
5  Lovelady will be "solely by reason of" his disability.  29 U.S.C. § 794.

6  The same goes for the tort claims for false imprisonment, assault, and battery under the
7  Federal Tort Claims Act of 1946 (FTCA), Pub. L. No. 79-601, 60 Stat. 812.  None are plausibly
8  alleged.

9  It also bears mention that the FAC does not plausibly allege that Lovelady was subjected to
10  anything other than a temporary detention for a routine border search that falls well within the
11  ambit of "reasonableness."  *See* Dkt. No. 17 at 4; *see also, e.g.*, *United States v. Espericueta
12  Reyes*, 631 F.2d 616, 621-22 (9th Cir. 1980).  Lovelady says that a search was never conducted by
13  a CBP officer, *see* FAC ¶ 111; Dkt. No. 24 at 7-8, but the FAC plausibly alleges that, after the
14  officers realized their mistake in yanking on his arms, a CBP officer asked Lovelady if he had any
15  drugs and let him go after receiving an answer in the negative, FAC ¶¶ 69-71.  The fact that, upon
16  further deliberation during the temporary detention, officers concluded a search was not necessary
17  does not change the nature of the incident based on these allegations.

18  With respect to the assault and battery claims, the FAC does not present new allegations
19  "plausibly demonstrating that the CBP officers 'used unreasonable force' to effectuate a lawful
20  seizure, or threatened to do so."  Dkt. No. 17 at 5 (quoting *Johnson v. United States*, No. 13-cv-
21  02405-JD, 2016 WL 4488180, at *9-10 (N.D. Cal. Aug. 26, 2016), *aff'd* 734 Fed. App'x 436 (9th
22  Cir. 2019)).  Accepting as true the alleged presentation of his disability and the pain the incident
23  inflicted on Lovelady, the allegations do not suffice to show the force the officers employed was
24  objectively unreasonable in light of the FAC's plausible allegations of how Lovelady repeatedly
25  did not respond to basic questions or directives.  FAC ¶¶ 27-45.  Even accepting the allegations
26  that the CBP officers would have recognized, from his appearance, that Lovelady had some sort of
27  disability, *see* FAC ¶ 39, that, too, does not make their actions objectively unreasonable, given the
28  plausible allegations about what could readily be understood as noncompliance on Lovelady's part

3

and the lack of non-speculative basis for concluding that officers would in fact have known the effect of grabbing his arms, FAC ¶¶ 27-45.

## CONCLUSION

The Court is sympathetic to Lovelady's situation and attendant travel challenges. But the FAC does not plausibly allege that CBP officers acted discriminatorily or unreasonably during the incident in question, or that Lovelady is likely to experience a similar incident in the future. Lovelady was given leave to amend, but the amended allegations did not come closer to plausibly stating a claim upon which relief can be granted. Further amendment is not warranted, and the case is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: February 18, 2025

JAMES DONATO
United States District Judge